UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | 3:20-CR-00086 (KAD) |
| | ) | |
| v. | ) | |
| | ) | |
| Robert RALLO et al. | ) | SEPTEMBER 13, 2022 |
| *Defendants.* | ) | |

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | 3:20-CR-00087 (KAD) |
| | ) | |
| v. | ) | |
| | ) | |
| Thomas LIBERATORE. | ) | SEPTEMBER 13, 2022 |
| *Defendant.* | ) | |

MEMORANDUM OF DECISION
RE: GOVERNMENT'S MOTION TO CONSOLIDATE CASES

Kari A. Dooley, United States District Judge:

On June 3, 2020, a grand jury returned indictments in two cases. The first, captioned *United States v. Robert Rallo et al.*, (3:20-cr-00086-KAD), charged Defendants Robert Rallo, Thomas Liberatore and Paul Prosano with Hobbs Act Robbery in violation of 18 U.S.C. § 1951(a) and aiding and abetting in the same in violation of 18 U.S.C. § 2. On June 17, 2020, the grand jury returned a superseding indictment which contained two additional charges—firearm-related murder during and in the course of the Hobbs Act robbery in violation of 18 U.S.C. §924(j)(1) and interstate transportation of stolen property in violation of 18 U.S.C. § 2314. All of these charges arise from the robbery of Marco Jewelers and the murder of Mark Vuono, its owner, on March 28, 2020 at 16 Sixth Street in Stamford, Connecticut (the "Stamford robbery"). The second indictment, captioned *United States v. Thomas Liberatore* (3:20-cr-00087-KAD), charged Defendant Liberatore with Hobbs Act robbery, possession and brandishing of a firearm during and in relation

1

to a crime of violence in violation of 18 U.S.C. §§ 924(c)(1)(A)(i)–(ii) and interstate transportation of a stolen vehicle in violation of 18 U.S.C. § 2312. These charges against Defendant Liberatore arise from the armed robbery of Byram Jewelers on March 18, 2020 at 111 Mill Street in Greenwich, Connecticut (the "Greenwich robbery"). The Government filed a motion to consolidate these indictments for trial[1], or in the alternative, a determination that the evidence of the Greenwich robbery is admissible at the trial of the Stamford robbery, which Defendants Liberatore and Prosano oppose.[2] For the reasons that follow, the motion to consolidate is DENIED.

**Applicable Law**

Federal Rule of Criminal Procedure 13 provides in relevant part: "the court may order that separate cases be tried together as though brought in a single indictment or information if all offenses and all defendants could have been joined in a single indictment or information." Whether to order two indictments tried together is within the discretion of the district court. *See United States v. Antonelli Fireworks Co.*, 155 F.2d 631, 635 (2d Cir. 1946), *cert. denied*, 329 U.S. 742, 67 S. Ct. 49 (1946). To make this determination, the court must necessarily reference Rule 8 of the Fed. R. Crim. P., which governs joinder of offenses and joinder of defendants. *United States v. Halper*, 590 F.2d 422, 428 (2d Cir. 1978). Rule 8(a), which governs joinder of offenses, provides in relevant part: "indictment or information may charge a defendant in separate counts with 2 or more offenses if the offenses charged—whether felonies or misdemeanors or both—are of the same or similar character, or are based on the same act or transaction, or are connected with or constitute parts of a common scheme or plan." Fed. R. Crim. P. 8(a). Rule 8(b), which governs joinder of defendants, provides: "indictment or information may charge 2 or more defendants if

---

[1] In *United States v. Rallo et al.* (20-cr-00086) at ECF No. 150 and in *United States v. Liberatore* (20-cr-00087) at ECF No. 51.
[2] On April 5, 2022, Defendant Rallo entered a guilty plea to the robbery of Marco Jewelers and murder of Mark Vuono.

they are alleged to have participated in the same act or transaction, or in the same series of acts or transactions, constituting an offense or offenses. The defendants may be charged in one or more counts together or separately. All defendants need not be charged in each count." Fed. R. Crim. P. 8(b).

Even where the offenses could have been joined in a single indictment under Rule 8, the court must consider whether there is danger of confusion or of unfair prejudice to any defendant resulting from the joinder. *See United States v. Gottfried*, 165 F.2d 360, 363 (2d Cir. 1948), *cert. denied*, 333 U.S. 860, 68 S. Ct. 738 (1948). Additionally, the court balances the promotion of the economical and efficient administration of criminal justice against any identifiable unfair prejudice. *See United States v. Fancher*, 195 F. Supp. 634, 635 (D. Conn. 1960).

## Discussion

Mr. Prosano challenges consolidation under Rule 8(b), which governs the joinder of defendants, because he is not alleged to have participated in the Greenwich robbery. He asserts that his separate and distinct alleged participation in the Stamford robbery could not have been joined with Mr. Liberatore's alleged participation in the Greenwich robbery.[3] Mr. Liberatore likewise challenges consolidation, but under Rule 8(a), which governs joinder of offenses. Although he acknowledges that both offenses are of "the same or similar character," he argues that the significant prejudice to him outweighs any interest in judicial efficiency or the general preference for like offenses to be tried together.

---

[3] At oral argument, the Court first observed that Defendant Prosano did not oppose the consolidation. Counsel for Mr. Prosano quickly corrected the Court's misunderstanding. Although no written objection had been filed, counsel alerted the Court to the fact that it joined in Mr. Liberatore's opposition. Accordingly, Mr. Prosano's counsel opposed the consolidation at oral argument as well.

Because the Court agrees that Mr. Prosano's alleged participation in the Stamford robbery could not have been joined with Mr. Liberatore's alleged participation in the Greenwich robbery, the Court need not address the issues raised by Mr. Liberatore.

*Rule 8 Joinder*

The Court turns to the threshold inquiry of whether the indictments could have been properly joined under Rule 8. *See supra*, *Halper*, 590 F.2d at 428. Courts apply a "commonsense rule" to decide whether joint proceedings would produce "sufficient efficiencies" such that joinder is proper notwithstanding "the possibility of prejudice" to defendants. *United States v. Best*, No. 3:20-CR-28 (VAB), 2022 WL 1605495, at *20 (D. Conn. May 20, 2022) (finding joinder appropriate where there was a "substantial identity of facts or participants" between two counts as well as sufficient "factual overlap" among charges). Although Rule 8(a) allows the Government to charge in the same indictment two or more offenses "of the same or similar character" committed by the same defendant, and Rule 8(b) allows the Government to charge in the same indictment two or more offenders of the "same act or transaction…constituting an offense," the Government may not tack the two subsections together and charge different persons with committing offenses of "similar character" in one indictment. 8 Moore's Federal Practice § 8.06 [1], at pp. 8–25 to 8–26 (2d Ed. 1985). Thus, the question is whether all the counts sought to be joined are part of the same series of acts or transactions. *See United States v. Lane,* 735 F.2d 799, 804 (5th Cir. 1984), *reversed on other grounds,* 474 U.S. 438, 453 (1986) ("When there is no substantial identity of facts or participants between the two offenses, there is no series of acts under Rule 8(b)." (internal quotations omitted)); *see also United States v. Velasquez*, 772 F.2d 1348, 1353 (7th Cir. 1985) (finding misjoinder where heroin charges against one defendant were wholly unrelated to any of the charges against the other defendants). Under Rule 8(b), two criminal acts

are part of the same series when they (1) arise out of a common plan or scheme or (2) are unified by some substantial identity of facts or participants. *See United States v. Cervone,* 907 F.2d 332, 340–41 (2d Cir. 1990), *cert. denied,* 498 U.S. 1028, 111 S. Ct. 680 (1991) (internal quotations and citations omitted); *see also United States v. Rittweger*, 524 F.3d 171, 177 (2d Cir. 2008).

Generally, these requirements are satisfied where the Government alleges the existence of an overall conspiracy linking the various substantive crimes charged in an indictment. *United States v. Henry,* 861 F. Supp. 1190, 1200 (S.D.N.Y. 1994). Two separate transactions, however, do not constitute a "series" within the meaning of Rule 8(b) "merely because they are of a similar character or involve one or more common participants." *United States v. Bradford,* 487 F. Supp. 1093, 1094 (D. Conn. 1980) (citing cases).

The Government concedes that Mr. Prosano did not participate in the Greenwich robbery nor does the Government possess any evidence that Mr. Prosano was aware of the Greenwich robbery before it occurred. *See United States v. Giraldo,* 859 F. Supp. 52, 54 (E.D.N.Y. 1994) (internal quotations and citations omitted) (joinder improper where the Government charged four defendants with conspiracy and distribution of cocaine in 1994 and, in separate counts, charged only one of those defendants with conspiracy and distribution of cocaine from years prior because there was no suggestion that the other three defendants "knew of or were involved in any overall scheme").[4] Thus, there is no alleged common plan or scheme. *Cervone,* 907 F.2d at 340–41. The Government also concedes that there is no evidence that anyone other than Mr. Liberatore perpetrated the Greenwich robbery. Accordingly, nor are the indictments "unified by some substantial identity of facts or participants." *Id.* Indeed, there is no factual basis which connects

---

[4] *Compare United States v. Menashe*, 741 F. Supp. 1138 (S.D.N.Y. 1990) (where judge severed second count of an indictment because Government failed to allege that two co-conspirators in one count were aware of or joined in the conduct of the defendant in a second conspiracy count) *with United States v. Turoff,* 853 F.2d 1037, 1044 (2d Cir.1988) (where Rule 8(b) joinder was proper because there was a "key link" between two fraudulent schemes).

the charge against Mr. Prosano arising from the Stamford robbery with the charge against Mr. Liberatore arising from the Greenwich robbery.[5] It is therefore axiomatic that Mr. Prosano and Mr. Liberatore are ***not*** "alleged to have participated in the same act or transaction, or in the same series of acts or transactions, constituting an offense or offenses," as required for joinder under Rule 8(b). *See generally United States v. Lech*, 161 F.R.D. 255, 256–58 (S.D.N.Y. 1995). The motion to consolidate these two indictments for trial is DENIED.

Jury selection in the case arising out of the Stamford robbery and murder of Mr. Vuono will proceed on December 6, 2022, as per the previously entered scheduling order. *See* ECF No 116. Scheduling in the second indictment of Mr. Liberatore will be taken up at the conclusion of the first trial.

*Rule 404(b)*

As an alternative to consolidation, the Government seeks a determination that evidence that Mr. Liberatore committed the Greenwich robbery is admissible either as direct evidence[6] or pursuant to Federal Rule of Evidence 404(b) to the extent it is offered for the permissible purposes identified therein.[7]

In its briefing and at oral argument, the Government identified the number of ways in which the evidence of Mr. Liberatore's involvement in the Greenwich robbery was probative of, *inter alia,* Mr. Liberatore's knowledge regarding Mr. Rallo's intended use of a firearm and his motive and modus operandi as it relates to the Stamford robbery. In response, Mr. Liberatore essentially

---

[5] There is no claim that Mr. Prosano was improperly joined with Mr. Liberatore in connection with the charges arising from the Stamford robbery and murder of Mr. Vuono.

[6] The admissibility of any evidence offered as direct evidence of the Stamford robbery, if objected to, will be decided at trial.

[7] Rule 404(b) governs the admissibility of evidence of prior or subsequent "bad acts" other than those charged in the indictment. *See United States v. Curley*, 639 F.3d 50, 56. Evidence of a crime, wrong or other act is only admissible for purposes such as proving motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident. Fed. R. Evid. 404(b)(2).

asked the Court to refrain from issuing any evidentiary ruling until such time as the record is developed at trial and that such a decision cannot or should not be made upon a Government proffer as to what the evidence is or will show. The Court agrees with both parties. If the evidence regarding Mr. Liberatore's involvement in the Greenwich robbery is as proffered, then it appears admissible under Rule 404(b) for one or more of the permissible purposes identified in the rule. That is not the end of the Court's analysis, however. The Court must also weigh the probative value of the Rule 404(b) evidence against the potential for undue prejudice to Mr. Liberatore, should it be admitted. *See* Fed. R. Evid. 403; *see Curley*, 639 F.3d at 57 ("If the evidence is relevant, the district court must determine if its potential for unfair prejudice substantially outweighs its probative value."). The Court agrees with Mr. Liberatore that such an analysis should be made at the time of trial, by *motions in limine,* in the context of the actual evidence to be offered, the purpose of the offer, the quantity of the Rule 404(b) evidence to be offered[8], the extent to which it runs the risk of inappropriately influencing the jury's decision and the availability of limiting instructions to address that risk.[9]

Accordingly, if the Government identifies evidence of Mr. Liberatore's involvement in the Greenwich robbery that it intends to offer for a permissible purpose under Rule 404(b), Mr. Liberatore can file a motion *in limine* seeking to preclude same.

**SO ORDERED** at Bridgeport, Connecticut, this 13th day of September 2022.

---

[8] For example, it is not clear whether the Government seeks to offer the entirety of the proof which implicates Mr. Liberatore in, or the details of, the Greenwich robbery or whether the evidentiary offer will be more truncated.

[9] Illustrative of the Court's concern is the competing argument as to the level of prejudice occasioned by the Greenwich robbery evidence. The Government correctly identifies case law that stands for the proposition that if the prior bad act is less serious than the crime for which the defendant is on trial, the prejudice is necessarily less than if the prior bad act was more serious or egregious. And this proposition is not counter-intuitive. However, Mr. Liberatore argues that the fact that the stakes are so high in the Stamford robbery case—he faces a mandatory life sentence if convicted— any probative value is outweighed by any possibility that the jury's verdict will be inappropriately influenced by the prior robbery. Nor is this argument counter-intuitive.

_/s/ Kari A. Dooley_
KARI A. DOOLEY
UNITED STATES DISTRICT JUDGE