# UNITED STATES DISTRICT COURT
# DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | No. 3:20-CR-00086 (KAD) |
| | ) | |
| v. | ) | |
| | ) | |
| ROBERT RALLO, ET AL. | ) | NOVEMBER 21, 2022 |

### ORDER DENYING MOTION FOR BILL OF PARTICULARS (ECF No. 174)

Kari A. Dooley, United States District Judge:

A bill of particulars allows a defendant "to identify with sufficient particularity the nature of the charge pending against him, thereby enabling the defendant to prepare for trial, to prevent surprise, and to interpose a plea of double jeopardy should he be prosecuted a second time for the same offense." *United States v. Bortnovsky*, 820 F.2d 572, 574 (2d Cir. 1987) (citing, among others, *Wong Tai v. United States*, 273 U.S. 77, 82 (1927)). While district courts have wide discretion in deciding whether to order the Government to write a bill of particulars, "[c]ourts are only required to grant a bill of particulars 'where the charges of the indictment are so general that they do not advise the defendant of the specific acts of which he is accused.'" *United States v. Raniere*, 384 F. Supp. 3d 282, 322 (E.D.N.Y. 2019) (quoting *United States v. Chen*, 378 F.3d 151, 163 (2d Cir. 2004)). "This standard turns on 'whether the information sought is necessary, not whether it is helpful,'" and showing necessity requires the defendant to show that he would be prejudiced by being denied a bill of particulars. *See id.* (quoting *United States v. Facciolo*, 753 F. Supp. 449, 451 (S.D.N.Y. 1990) (further citations omitted)). In exercising its discretion, "the court must examine the totality of the information available to the defendant—through the indictment, affirmations, and general pre-trial discovery—and determine whether, in light of the charges that the defendant is required to answer, the filing of a bill of particulars is warranted." *United States*

*v. Bin Laden*, 92 F. Supp. 2d 225, 233 (S.D.N.Y. 2000). "So long as . . . an indictment and discovery sufficiently enable defendants to avoid surprise and prepare for trial, a bill of particulars is not warranted." *United States v. Coffey*, 361 F. Supp. 2d 102, 122 (E.D.N.Y. 2005).

This case is two weeks from trial. The Defendants have had the benefit of full discovery and, at this juncture, there is *nothing* unknown about the nature of the charges, the Government's theory of the case or the evidence to be offered by the Government during the trial. Further, the motion for a bill of particulars is premised upon a legal theory regarding the Government's burden of proof which is, in the Court's view, unsupported under the law.[1] Thus, the motion for a bill of particulars (ECF No. 174) is DENIED.

**SO ORDERED** at Bridgeport, Connecticut this 21st day of November 2022.

　　　　　　　　　　　　　　　　　　　　　_/s/ Kari A. Dooley_
　　　　　　　　　　　　　　　　　　　　　KARI A. DOOLEY
　　　　　　　　　　　　　　　　　　　　　UNITED STATES DISTRICT JUDGE

---

[1] This issue will be addressed at greater length in the Court's order regarding Defendants' motion to dismiss (ECF No. 183).