UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, </br> *Plaintiff* | ) </br> ) </br> ) | 3:20-CR-00086 (KAD) |
| v. | ) </br> ) | |
| THOMAS LIBERATORE, </br> *Defendant.* | ) </br> ) | AUGUST 14, 2022 |

### ORDER RE: MOTIONS FOR ACCESS AND ORDER INSTRUCTING WYATT OFFICIALS (ECF Nos. 348 & 352)

By motions dated July 11, 2023 (ECF No. 348) and July 24, 2023 (ECF No. 352),[1] Defendant Liberatore seeks various privileges not otherwise available to detainees at the Wyatt Detention Facility, where he is housed as a self-represented defendant awaiting sentencing. The Court agrees that a *pro se* defendant who is incarcerated should be afforded reasonable access to "law books, witnesses, or other tools to prepare a defense." *United States v. Sarno*, 73 F.3d 1470, 1491 (9th Cir. 1995) (quoting *Milton v. Morris,* 767 F.2d 1443, 1446 (9th Cir. 1985)). This right of access is not unlimited, however, and where security is a concern, the right is certainly not unfettered. *See Galloway v. United States*, No. Crim. Action No. RDB-10-775, 2018 WL 1326399, at *3 (D. Md. Mar. 15, 2018). The defendant's right of access must be balanced against the legitimate security needs of or resource constraints inherent in the prison setting. *See Sarno,* 73 F.3d at 1491; *see also Lindquist v. Idaho State Bd. Of Corrections,* 776 F.2d 851, 858 (9th Cir. 1985). The Court is also mindful that it should not undertake to micromanage prison officials in terms of how they manage security concerns at the facility. *See United States v. Youker,* 718 F. App'x 492, 495 (9th Cir. 2017). In *Youker*, the Ninth Circuit held the district court did not abuse its discretion by denying a self-represented defendant, *in a pretrial posture*, an order allowing him

---

[1] Defendant did not sign this motion. He is reminded that all motions must be signed prior to filing.

1

to have all discovery physically in his cell, including sensitive statements by cooperating co-defendants. *See also United States v. Yandell,* No. 2:19-CR-00107-KJM, 2020 WL 3858599, at *7 (E.D. Cal. July 8, 2020).

Here, Defendant stands convicted after trial at which he had two attorneys representing his interests. Now *pro se*, the only remaining proceeding to prepare for is sentencing. Notwithstanding, the Defendant seeks:

> 1) Access to a computer with Internet capabilities to explore and research defense experts as well as locate experts and civilian witnesses.
> 2) Secure telephone access with unrestricted calling capacity to effectively interview parties deemed necessary to present effective and comprehensive arguments and testimony.
> 3) The capabilities to video conference with legally interested parties as cited above.
> 4) technology that is critical to his ability to research a wide variety of related and required periodicals, peer reviews and public information maintained by Federal, State, and County Municipalities necessary in constructing a viable defense.

*See* Def. Mot., ECF No. 348. Relatedly, Defendant seeks an Order directed at the detention facility staff implementing these accommodations. He seeks an order that he be provided a mobile laptop and that he be permitted to "pursue these energies" between the hours of 9:00 a.m. and 5:00 p.m. Monday through Friday, or that he be permitted, in the alternative, at least three hours per day devoted to his defense efforts. *See* Def. Mot., ECF No. 352.

Preliminarily, Defendant has not identified any issue which will require testimony, witnesses, expert or otherwise, or which implicate federal, state, or local municipalities. Nor is it apparent on the face of the motion what "constructing a viable defense" entails. Again, Defendant stands convicted following a jury trial during which he was represented by appointed counsel. As the Court has already advised Defendant, the decision to proceed *pro se* does not entitle him to re-litigate this case.

With respect to the sentencing, the Presentence Investigation Report ("PSR") has not yet been disclosed. Thus, it is impossible to know whether a *Fatico* hearing will be required at sentencing to resolve factual disputes that inform the guidelines calculation or otherwise impact the Court's sentence. Although Defendant disagrees with the jury's verdict, sentencing will not be an opportunity to retry the case or challenge that verdict.

Finally, although seeking a host of accommodations, Defendant does not explain why the accommodations available to him at the Wyatt Detention Facility are inadequate for him to properly prepare for his sentencing. Wyatt has a law library to which detainees have access. The discovery in this case has been provided in electronic form to the facility, and Defendant can arrange to view the discovery in the computer room at the library. Detainees have access to tablets, mail service and telephones. All these resources are provided in a fashion managed by the facility to allow access but to also keep both staff and detainees secure. Defendant has not demonstrated the need for this Court to upset that balance. *See United States v. Shaw,* 824 F.3d 624, 630–31 (7th Cir. 2016) (where the court did not abuse its discretion in refusing to give defendant, *prior to trial,* hard copies of the discovery for review in his cell even though he did not have unfettered access to the facility computer room to review the electronic version of the discovery).

Finally, although stand-by counsel had been appointed, and would have been available to provide logistical support to Defendant, Defendant asked that stand-by counsel be removed from the case because he was not, in Defendant's view, adequately versed in the case when they first met. The Court granted Defendant's motion to remove stand-by counsel. Having eschewed this Court-appointed resource, Defendant cannot now complain about the constraints it puts upon him. *See Shaw,* 824 F.3d at 630 (noting *pro se* defendant had rejected Court's offer to have the hard copy of the discovery reviewed at the courthouse in lieu of his cell, as requested); *see also United*

*States v. Wilson,* 690 F.2d 1267, 1271 (9th Cir. 1982) ("When [constitutionally permissible legal assistance] is provided [at government expense], as was here, [Defendant] may not reject the method provided and insist on an avenue of his…choosing.")

For these reasons, the motions (ECF Nos. 348 & 352) are DENIED. However, should issues arise that require testimony at the sentencing of this matter, Defendant may seek subpoenas from the Clerk of the Court, and the Court will arrange for the U.S. Marshal to serve such subpoenas. Similarly, if Defendant wishes to rely upon any of the exhibits introduced at trial, he should advise counsel for the Government who, it is ordered, shall bring the exhibits to the sentencing.

**SO ORDERED** at Bridgeport, Connecticut this 14th day of August 2023.

 */s/ Kari A. Dooley*
KARI A. DOOLEY
UNITED STATES DISTRICT JUDGE