## UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | 3:20-CR-00086 (KAD) |
| | ) | |
| v. | ) | |
| | ) | |
| THOMAS LIBERATORE | ) | AUGUST 28, 2023 |

## MEMORANDUM OF DECISION
### RE: DEFENDANT'S MOTION FOR MENTAL EXAMINATION (ECF No. 388)

Kari A. Dooley, United States District Judge:

On December 19, 2022, a jury convicted Thomas Liberatore ("Defendant" or "Mr. Liberatore") of three crimes[1] arising out of the armed robbery of Marco Jewelers and the murder of Mark Vuono in Stamford, Connecticut on March 28, 2020. Pending before the Court is Liberatore's *pro se* motion for a mental examination pursuant to 18 U.S.C. Section 4241(a). The Government objects to this request. For the following reasons, Defendant's motion is DENIED. [2]

The test for competency is whether a defendant "has sufficient present ability…with a reasonable degree of rational understanding—and whether he has a rational as well as factual understanding of the proceedings against him." *Dusky v. United States*, 362 U.S. 402, 402 (1960). "Section 4241(a) safeguards the constitutional due process rights of criminal defendants by requiring district courts to hold a competency hearing if, at any time prior to sentencing, 'there is reasonable cause to believe that the defendant may presently be suffering from a mental disease or

---

[1] (1) Hobbs Act Robbery in violation of 18 U.S.C. Section 1951(a); (2) aiding and abetting Firearm-Related Murder in violation of 18 U.S.C. Section 924(j)(1) and 2; (3) Interstate Transportation of Stolen Property in violation of 18 U.S.C. Section 2314.

[2] Perhaps an unintended consequence of this motion given Defendant's intention to continue to represent himself, but if the Court were to grant it, the Court would be required to appoint counsel to represent Defendant in connection with the competency proceedings. *See* 18 U.S.C. § 4247(d) (during a competency hearing, "the person whose mental condition is subject of the hearing shall be represented by counsel.") (emphasis added). *See also United States v. Zedner,* 193 F. 3d 562, 566 (2d Cir. 1999) (Finding error where district court allowed Defendant to appear pro se at his own competency hearing.).

defect rendering him mentally incompetent to the extent that he is unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense.' 28 U.S.C. § 4241(a)." *United States v. DiMartino*, 949 F.3d 67, 71 (2d Cir. 2020). Whether "reasonable cause" to hold a hearing regarding competency exists is a "highly particularized assessment" that is case specific. *See id.* And trial courts are given wide latitude in assessing "reasonable cause." *United States v. Arenburg,* 605 F.3d 164, 165 (2d Cir. 2010). The court may, in its discretion, deny a motion for competency hearing if the defendant's conduct during proceedings demonstrate his competency. *See DiMartino*, 949 F.3d at 72 (Trial court did not abuse discretion in denying a motion for a competency hearing where defendant demonstrated he was capable of participating meaningfully in his defense.).

On the present record, the Court finds that Defendant's motion for a mental examination is frivolous. There is absolutely no basis on the present record to believe that Mr. Liberatore does not understand the nature of these proceedings nor the charges against him.[3] Defendant has been vigorously (albeit often times inappropriately) representing himself for nearly three months.[4] His submissions make clear that he understands the charges, *see, e.g.* ECF No. 383 (Mr. Rallo plead guilty to [murder] while Mr. Liberatore was 'found guilty' of having 'Aided & Abetted in the Death having resulted from the Use of a Firearm in a Crime of Violence.'"), and he has attempted to raise substantive issues that undermine the jury's verdict. *See, e.g.,* ECF No. 318 (Defendant seeks to further challenge the Court's jury instructions and evidentiary rulings as well as the

---

[3] Of note, Defendant has another case pending in this district, *United States v. Liberatore*, 3:20-cr-87 (KAD), in which he is charged with the armed robbery of a jewelry store in Greenwich, Connecticut just nine days before the robbery in this case. He has appointed counsel in this second case who has not filed a motion for competency examination nor evinced any concern regarding her client's competency. Nor did either of Liberatore's appointed counsel who represented him before and during trial.

[4] The Court has not located a single case in which a self-represented defendant questioned his or her own competence. And it is an odd thing indeed when a self-represented defendant makes a cogent and coherent, even if ultimately unsuccessful, argument that he may not be competent. It is in many respects a self-defeating motion.

adequacy of his prior counsel's representation.). He regularly cites to applicable legal authority in advancing his motions. And as the Government correctly observes, the Defendant successfully, and without issue, navigated the *Faretta* hearing at which the nature of the charges and potential penalties were discussed. Since that time, the Court has been satisfied that Mr. Liberatore understands not only the nature of these proceedings but is able to advocate on his own behalf. Indeed, in Defendant's motion to proceed *pro se* filed only three months ago, he averred: "The defendant Mr. Liberatore is of sound mind and is highly aware of his circumstances in requesting the courts permission to proceed Pro-Se." ECF No. 308-1. The Court has seen nothing in Defendant's submissions since then which undermines his self-assessment[5] and concludes, therefore, that the motion for a competency examination is either a further attempt to delay these proceedings and manipulate the process, an alternative means of obtaining a psychiatric evaluation in advance of sentencing, or both. But it was clearly not filed in good faith and is DENIED.

      **SO ORDERED** at Bridgeport, Connecticut, this 28th day of August 2023.

          */s/ Kari A. Dooley*
          KARI A. DOOLEY
          UNITED STATES DISTRICT JUDGE

---

[5] In his motion, Defendant cites to past diagnoses of Post-Traumatic Stress Disorder, COVID-19 and related "brain fog," his need for blood thinners and a history of overdoses in 2020. At the *Faretta* hearing, Defendant disclosed only that he was taking prescriptions for "substance abuse maintenance" and "anxiety." He confirmed that his mind was clear and that his medications do not impact his ability to understand what is going on around him or to communicate effectively with others. He further averred that other than receiving his prescriptions, he does not receive any other form of medical care, such as counseling. While it appears that Defendant has added cyclical subcutaneous blood thinners to his medical care, there is no basis to conclude that such care has impacted Defendant's competency. And as discussed above, the record is very clear that Defendant is fully competent to understand and participate in these proceedings.